GRAFTON, MAY TERM, 1817.

### POLLY CASS *versus* RALPH THOMPSON.

A. and B. entered into a parole agreement to exchange farms, in pursuance of which A. conveyed his farm to B., by a deed in the common form, and B. conveyed his farm to A. in the same manner. It was held, that this was not an exchange, properly so called, and that the widow of A. was entitled to be endowed in both farms.

THIS was a writ of dower. The defendant pleaded in bar that John Cass, the plaintiff's late husband, gave the land in which she demanded her dower to one E. Kimball, under

whom the defendant claimed title, and received of the said Kimball other lands in exchange, and that the plaintiff had been endowed of the lands so received by her husband in exchange. The plaintiff replied, that the said John Cass did not give the land in which she demanded her dower, in exchange; and concluded to the country, and the defendant joined the issue.

Upon trial in November term, 1816, in this county, it appeared in evidence that the plaintiff's late husband, John Cass, in February, 1805, being seized of the land in which the plaintiff now claims her dower, entered into an agreement with E. Kimball, who was seized of a tract of land in New-Hampton, to make an exchange; in pursuance of which agreement, which was never reduced to writing, John Cass, by a deed in the common form, in consideration of four hundred thirty dollars, "gave, granted, bargained and sold" to Kimball the land mentioned in the defendant's writ, to hold to him and his heirs; and Kimball, by a similar deed, conveyed the land in New-Hampton to Cass in fee. Both deeds bore date the 23d February, 1805.

A verdict was taken for the tenant, by consent, subject to the opinion of the court upon the sufficiency of the evidence to maintain the issue on the part of the tenant; and it was agreed that if the court should be of opinion that the evidence was insufficient for that purpose, the verdict should be set aside and a verdict be entered for the plaintiff. ——

*Noyes* and *J. Smith*, for the plaintiff.

*E. Webster*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. It is very clear that the evidence in this case was altogether insufficient to prove what the common law denominated an exchange.

Before the statute of 29 *Charles* 2, c. 3, for preventing frauds and perjuries, if the lands lay in the same county an exchange might have been made by word without writing; but since that statute, an exchange cannot be proved without some writing signed by the parties. *Shep. T.* 289. The

Cass
*vs.*
Thompson.

deeds of Kimball and Cass contained no evidence of exchange. To that mode of conveyance the word *exchange* is essential; and is so individually requisite, that it cannot be supplied by any other word, neither will any averment that it was in exchange avail. *Shep. T.* 295.

But it is contended, that although the evidence may not have been sufficient to prove what is strictly and properly denominated an exchange, yet it did prove such an exchange of land between Kimball and Cass as amounts to a good bar of this action, and was therefore sufficient to maintain the issue on the part of the tenant. In fact, it is contended that the rule that a widow is not to be endowed both of the lands given and of the lands taken in exchange, extends to all cases where lands have been given for lands, whatever may have been the mode of conveyance.

The rule that a widow is not to be endowed of both parcels of land exchanged, seems to be as ancient as the common law. *Co. Litt.* 31.—*F. N. B.* 149.—*Perkins,* § 319. 10 *E.* 3, 41. In the Year Book, 6 *E.* 3, 50, is the form of the plea, and of a replication, traversing the exchange. But the rule has never been considered as applicable in any case but that of an exchange, properly so called. The opinion seems to have been, in very early times, that if a husband let land for life, and took a fee in other lands by exchange, his widow should be endowed with both parcels; because, the estates not being equal, it could not properly be considered an exchange. 2 *E.* 2, 23. No case, ancient or modern, is to be found that will warrant the application of the rule to a case like the present, and the absence of authorities on this point strongly shews that the law will not warrant it; for although proper exchanges have been rare in modern times, exchanges like that between Kimball and Cass have not been unfrequent. Indeed, the rule seems to have had its foundation in the peculiar nature of a proper exchange, and to have got out of use with that mode of conveyance. According to the agreement of the parties, the verdict must be set aside and a verdict be entered for the plaintiff.

*Judgment for the demandant.*